IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUMITOMO PHARMA SWITZERLAND GMBH, SUMITOMO PHARMA AMERICA, INC., TAKEDA PHARMACEUTICAL COMPANY LIMITED, TAKEDA PHARMACEUTICALS INTERNATIONAL AG, and PFIZER INC.,<br><br>        Plaintiffs,<br><br>  v.<br><br>HETERO LABS LIMITED, HETERO LABS LIMITED UNIT-V, HETERO USA, INC., and CAMBER PHARMACEUTICALS, INC.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. _____<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR PATENT INFRINGEMENT**

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 100 et. seq., as well as the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, against Defendants Hetero Labs Limited, Hetero Labs Limited Unit-V, Hetero USA Inc., and Camber Pharmaceuticals, Inc. (collectively, "Hetero"). This action arises out of the submission by Hetero of Abbreviated New Drug Application ("ANDA") No. 220143 (the "Hetero ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture and sell 120 mg tablets of relugolix, a generic version of Orgovyx® (the "ANDA Product"), prior to the expiration of U.S. Patent Nos. 11,795,178, 12,097,198, and 12,144,809 (collectively, the "Patents-in-Suit").

**PARTIES**

2. Plaintiff Sumitomo Pharma Switzerland GmbH ("SMPS") is a corporation organized and existing under the laws of Switzerland, with its principal place of business at Aeschengraben 27, 4051 Basel, Switzerland.

3. Plaintiff Sumitomo Pharma America, Inc. ("SMPA") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 84 Waterford Drive, Marlborough, MA 01752.

4. Plaintiff Takeda Pharmaceutical Company Limited ("Takeda") is a corporation organized and existing under the laws of Japan, with its principal place of business at 1-1, Doshomachi 4-chome, Chuo-ku, Osaka 540-8645, Japan.

5. Plaintiff Takeda Pharmaceuticals International AG ("Takeda International") is a corporation organized and existing under the laws of Switzerland, with its principal place of business at Thurgauerstrasse 130, Glattpark-Opfikon, Zurich, 8152, Switzerland.

6. Plaintiff Pfizer Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 66 Hudson Boulevard East, New York, New York 10001.

7. Plaintiffs SMPS, SMPA, Takeda, Takeda International, and Pfizer are referred to collectively herein as "Plaintiffs."

8. Upon information and belief, Hetero Labs Limited is a corporation organized and existing under the laws of India, with its principal place of business at 7-2-A2, Hetero Corporate Industrial Estates, Sanath Nagar, Hyderabad 500 018, Telangana, India.

9. Upon information and belief, Hetero Labs Limited Unit-V is a corporation organized and existing under the laws of India, with its principal place of business at 439, 440, 441 & 458, TSIIC Formulation SEZ, Polepally Village, Mahabubnagar, Telangana 509301, India.

10. Upon information and belief, Hetero USA, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1035 Centennial Avenue, Piscataway, NJ 08854.

11. Upon information and belief, Camber Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 800 Centennial Avenue, Suite 1, Piscataway, NJ 08854.

12. Upon information and belief, Hetero Labs Limited is the parent company of Defendants Hetero USA, Inc., Hetero Labs Limited Unit-V, and Camber Pharmaceuticals, Inc.

13. Upon information and belief, Hetero Labs Limited, itself and through its subsidiaries and agents, including Hetero USA Inc., Hetero Labs Limited Unit-V, and Camber Pharmaceuticals, Inc., develops, manufactures, markets, distributes, and/or imports pharmaceutical products for sale and use throughout the United States, including in Delaware.

14. Upon information and belief, Hetero USA, Inc. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the U.S. market, including in Delaware.

15. Upon information and belief, Hetero Labs Limited Unit-V is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the U.S. market, including in Delaware.

16. Upon information and belief, Camber Pharmaceuticals, Inc. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the U.S. market, including in Delaware.

17. Upon information and belief, Hetero USA, Inc. is the U.S. agent for Hetero Labs Limited Unit-V, a division of Hetero Labs Limited, with the FDA with respect to the Hetero ANDA.

18. Upon information and belief, Hetero Labs Limited is the holder of relugolix Drug Master File ("DMF") No. 40410.

19. Upon information and belief, Hetero Labs Limited, Hetero Labs Limited Unit-V, and Hetero USA, Inc., acted collaboratively in the preparation and submission of the Hetero ANDA.

20. Upon information and belief, following any FDA approval of the Hetero ANDA, Hetero will make, use, offer to sell, and/or sell the ANDA Product that is the subject of the Hetero ANDA throughout the United States, including in Delaware, and/or import such generic products into the United States, including into Delaware.

## JURISDICTION AND VENUE

21. This case arises under the patent laws of the United States of America, 35 U.S.C. §§ 100 et. seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

22. This Court has personal jurisdiction over Hetero USA, Inc. at least because Hetero USA, Inc. is a corporation organized and existing under the laws of Delaware.

23. This Court has personal jurisdiction over Camber Pharmaceuticals, Inc. at least because Camber Pharmaceuticals, Inc. is a corporation organized and existing under the laws of Delaware.

24. This Court has personal jurisdiction over Hetero Labs Limited and Hetero Labs Limited Unit-V because, among other things, Hetero Labs Limited and Hetero Labs Limited Unit-V have committed, contributed to, and/or participated in an act of patent infringement under 35 U.S.C. § 271(e)(2) and intend to engage in a future course of conduct that includes acts of patent infringement under 35 U.S.C. §§ 271(a), (b) and/or (c), including in Delaware. These acts have led and will lead to foreseeable harm and injury to Plaintiffs. For example, upon information and belief, following approval of the Hetero ANDA, Hetero Labs Limited and Hetero Labs Limited

4

Unit-V either directly or indirectly through affiliated companies or agents will make, use, import, sell, and/or offer for sale the ANDA Product in the United States, including in Delaware, prior to the expiration of the Patents-in-Suit.

25.     The Court also has personal jurisdiction over Hetero Labs Limited and Hetero Labs Limited Unit-V because, among other things, this action arises from actions of Hetero Labs Limited and Hetero Labs Limited Unit-V directed toward Delaware, and because Hetero Labs Limited and Hetero Labs Limited Unit-V have purposefully availed themselves of the rights and benefits of Delaware law by engaging in systematic and continuous contacts with Delaware.  Upon information and belief, Hetero Labs Limited and Hetero Labs Limited Unit-V regularly and continuously transact business within Delaware, including by selling pharmaceutical products in Delaware either directly or indirectly through affiliated companies or agents.  Upon information and belief, Hetero Labs Limited and Hetero Labs Limited Unit-V derive substantial revenue from the sale of those products in Delaware and have availed themselves of the privilege of conducting business within Delaware.

26.     This Court also has personal jurisdiction over Hetero Labs Limited pursuant to Federal Rule of Civil Procedure 4(k)(1) or 4(k)(2) because: (a) Hetero Labs Limited is subject to the general jurisdiction of the laws of Delaware; and (b) to the extent that Hetero Labs Limited is not subject to personal jurisdiction in the courts of any state, Plaintiffs' claims arise under federal law and Hetero Labs Limited has sufficient contacts with the United States as a whole, including but not limited to marketing and/or selling generic pharmaceutical products that are distributed and sold throughout the United States, such that this Court's exercise of jurisdiction over Hetero Labs Limited satisfies due process.

27. This Court also has personal jurisdiction over Hetero Labs Limited Unit-V pursuant to Federal Rule of Civil Procedure 4(k)(1) or 4(k)(2) because: (a) Hetero Labs Limited Unit-V is subject to the general jurisdiction of the laws of Delaware; and (b) to the extent that Hetero Labs Limited Unit-V is not subject to personal jurisdiction in the courts of any state, Plaintiffs' claims arise under federal law and Hetero Labs Limited Unit-V has sufficient contacts with the United States as a whole, including but not limited to marketing and/or selling generic pharmaceutical products that are distributed and sold throughout the United States, such that this Court's exercise of jurisdiction over Hetero Labs Limited Unit-V satisfies due process.

28. Hetero has also previously availed itself of this forum for the purpose of litigating its patent infringement disputes, including filing counterclaims in patent infringement disputes, including in:

- *Abbvie Inc. v. Hetero USA, Inc., Hetero Labs Limited, Hetero Labs Limited Unit-V et al.*, C.A. No. 23-1332-MN (D. Del.)

- *Ingenus Pharmaceuticals, LLC v. Hetero USA, Inc. Hetero Labs Limited et al.*, C.A. No. 24-1025-JLH (D. Del.)

- *Breckenridge Pharm., Inc. v. Hetero USA Inc., Hetero Labs Limited, Camber Pharms., Inc. et al.*, C.A. No. 24-571-GBW (D. Del.)

- *Orion Corp. et al. v. Hetero USA Inc., Hetero Labs Limited Unit-V & Hetero Labs Limited*, C.A. 23-1221-JLH (D. Del.)

- *Azurity Pharms., Inc. v. Camber Pharms., Inc. et al.*, C.A. No. 21-196-MSG (D. Del.)

- *Novartis Pharms. Corp. v. Hetero USA Inc., Hetero Labs Limited et al.*, C.A. No. 21-1330-LPS (D. Del.)

- *Gilead Scis., Inc. v. Hetero USA, Inc., Hetero Labs Limited Unit-V, Hetero Labs Limited et al.*, C.A. No. 20-819-MN (D. Del.)

- *Genentech, Inc. et al. v. Hetero Labs Limited, Hetero Labs Limited Unit V & Hetero USA Inc.*, C.A. No. 19-178-RGA (D. Del.)

- *Novartis Pharms. Corp. v. Hetero USA Inc., Hetero Labs Limited Unit-V & Hetero Labs Limited et al.*, C.A. No. 18-1043-LPS (D. Del.)

- *Biogen Int'l GmbH v. Hetero USA Inc., Hetero Labs Limited et al.*, C.A. No. 17-825-LPS (D. Del.)

- *Bristol-Myers Squibb Co. & Pfizer Inc. v. Hetero USA Inc., Hetero Labs Limited & Hetero Labs Limited Unit-V*, C.A. No. 17-376-LPS (D. Del.)

29. Venue is proper in this Court as to Hetero Labs Limited under 28 U.S.C. § 1391(c)(3) because, upon information and belief, Hetero Labs Limited is a foreign corporation and may thus be sued in any judicial district.

30. Venue is proper in this Court as to Hetero Labs Limited Unit-V under 28 U.S.C. § 1391(c)(3) because, upon information and belief, Hetero Labs Limited Unit-V is a foreign corporation and may thus be sued in any judicial district.

31. Venue is proper in this court as to Hetero USA, Inc. under 28 U.S.C. § 1400(b) because, *inter alia*, Hetero USA, Inc. is incorporated in Delaware.

32. Venue is proper in this court as to Camber Pharmaceuticals, Inc. under 28 U.S.C. § 1400(b) because, *inter alia*, Camber Pharmaceuticals, Inc. is incorporated in Delaware.

**BACKGROUND**

33. Orgovyx® (relugolix) is a nonpeptide GnRH receptor antagonist, for oral administration, approved by the FDA for the treatment of adult patients with advanced prostate

cancer. Orgovyx® is marketed in the United States pursuant to New Drug Application (NDA) No. 214621, which was approved by the FDA on December 18, 2020. SMPS holds the NDA for Orgovyx®.

34. The Patents-in-Suit cover Orgovyx® and/or its FDA-approved methods of use, and have been properly listed in connection with Orgovyx® in the FDA's publication, *Approved Drug Products with Therapeutic Equivalence Evaluations*, referred to as the "Orange Book."

35. U.S. Patent No. 11,795,178 (the "'178 Patent"), titled "Compositions of Thienopyrimidine Derivatives" (Ex. A), was duly and legally issued on October 24, 2023 and will expire on September 27, 2033. Takeda owns the '178 Patent.

36. U.S. Patent No. 12,097,198 (the "'198 Patent"), titled "Treatment of Prostate Cancer," (Ex. B), was duly and legally issued on September 24, 2024 and will expire on September 29, 2037. SMPS and Takeda jointly own the '198 Patent.

37. U.S. Patent No. 12,144,809 (the "'809 Patent"), titled "Treatment of Prostate Cancer," (Ex. C), was duly and legally issued on November 19, 2024 and will expire on September 29, 2037. SMPS and Takeda jointly own the '809 Patent.

38. Takeda International, SMPS, and Pfizer are exclusive licensees of the Patents-in-Suit.

39. Orgovyx® is marketed and sold by SMPA and Pfizer throughout the United States, including in Delaware.

40. By letter dated February 4, 2025, Hetero notified SMPS, SMPA, and Takeda that Hetero had submitted the Hetero ANDA to the FDA for approval of relugolix tablets, 120 mg, a generic version of Orgovyx®.

41. By submitting the Hetero ANDA, Hetero has represented to the FDA that the ANDA Product has the same active ingredient as Orgovyx®, has the same dosage form and strength as Orgovyx®, and is bioequivalent to Orgovyx®.

42. In Hetero's Paragraph IV Notice Letter, dated February 4, 2025 ("Notice Letter"), Hetero stated that its ANDA included a paragraph IV certification pursuant to 21 U.S.C. § 355(j) with respect to the Patents-in-Suit, and alleged that the Patents-in-Suit are invalid or will not be infringed by the commercial manufacture, use, or sale of the ANDA Product. The Notice Letter further stated that Hetero is seeking approval to engage in the commercial manufacture, use, offer for sale, sale, or importation of the ANDA Product before the Patents-in-Suit expire.

43. Upon information and belief, Hetero had knowledge of the Patents-in-Suit no later than when the Hetero ANDA was submitted to the FDA.

44. In the Notice letter, Hetero provided an Offer of Confidential Access ("OCA") to the Hetero ANDA pursuant to 21 U.S.C. § 355(j)(5)(C)(i)(III). Plaintiffs engaged in good faith negotiations with Hetero regarding the terms of its OCA. Hetero, however, refused to provide its ANDA under reasonable terms as would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information, for example, terms governing the scope of applicable patent prosecution and FDA regulatory bars, in accordance with terms previously and widely accepted by courts.

45. Upon information and belief, Hetero intends to engage in the manufacture, use, offer for sale, sale, and/or importation of the ANDA Product immediately and imminently upon approval of the Hetero ANDA.

46. This action is being commenced before the expiration of 45 days from the date of Plaintiffs' receipt of the Notice Letter.

## CLAIMS FOR RELIEF

### COUNT I:  INFRINGEMENT OF U.S. PATENT NO. 11,795,178

47. Plaintiffs incorporate each of the preceding paragraphs 1-46 as if fully set forth herein.

48. Hetero's submission of the Hetero ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product before the expiration of the '178 Patent constituted an act of infringement of at least claims 1 and 25-28 of the '178 Patent, under 35 U.S.C. § 271(e)(2)(A).  In the Notice Letter, Hetero did not present any allegations that it will not infringe claims 1 and 25-28 of the '178 Patent.

49. Hetero's commercial manufacture, use, offer for sale, sale and/or importation of the ANDA Product and/or its active ingredient prior to expiration of the '178 Patent, and Hetero's inducement of and/or contribution to such conduct, would further infringe at least claims 1 and 25-28 of the '178 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. §§ 271(a), (b), and/or (c).

50. Upon FDA approval of the Hetero ANDA, Hetero will infringe at least claims 1 and 25-28 of the '178 Patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the ANDA Product and/or its active ingredient, and/or by actively inducing and contributing to infringement of at least claims 1 and 25-28 of the '178 Patent by others, including but not limited to healthcare providers and patients, under 35 U.S.C. § 271(a), unless enjoined by the Court.  Such infringement is imminent because, among other things, Hetero has notified Plaintiffs of the submission of Hetero's ANDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product before the expiration of the '178 Patent.

51.     Upon information and belief, Hetero will actively induce infringement of at least claims 1 and 25-28 of the '178 Patent under 35 U.S.C. § 271(b) by encouraging others, including but not limited to healthcare providers and patients, to make, use, offer for sale, sell, or import the ANDA Product in the United States.  Upon information and belief, immediately and imminently upon FDA approval of the Hetero ANDA, Hetero will intentionally encourage acts of direct infringement by others, including but not limited to healthcare providers and patients, with knowledge of the '178 Patent and with knowledge that its acts are encouraging infringement.

52.     Unless enjoined by this Court, upon FDA approval of the Hetero ANDA, Hetero will contributorily infringe at least claims 1 and 25-28 of the '178 Patent under 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing the ANDA Product and/or its active ingredient in the United States.  The ANDA Product and/or its active ingredient constitute a material part of the inventions of the claims of the '178 Patent.  Upon information and belief, Hetero knows that the ANDA Product and/or its active ingredient are especially made or adapted for use in infringing the '178 Patent, and that the ANDA Product and/or its active ingredient are not a staple article or commodity of commerce suitable for substantial noninfringing use.  Upon information and belief, Hetero plans and intends to, and will, contribute to the infringement of the '178 Patent immediately and imminently upon approval of the Hetero ANDA.

53.     A substantial and justiciable controversy exists between the parties as to the infringement of the '178 Patent.

54.     Pursuant to 28 U.S.C. § 2201, Plaintiffs are entitled to a declaratory judgment that Hetero's making, using, offering to sell, selling, and/or importing the ANDA Product will infringe the '178 Patent pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

55. Upon information and belief, Hetero acted, and upon FDA approval of the Hetero ANDA, will act, without a reasonable basis for believing that it would not be liable for directly and/or indirectly infringing the '178 Patent. This is an exceptional case.

56. Unless Hetero is enjoined from directly or indirectly infringing the '178 Patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 12,097,198

57. Plaintiffs incorporate each of the preceding paragraphs 1-56 as if fully set forth herein.

58. Hetero's submission of the Hetero ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product before the expiration of the '198 Patent constituted an act of infringement at least claims 1-2, 4-6, and 10-12 of the '198 Patent, under 35 U.S.C. § 271(e)(2)(A). In the Notice Letter, Hetero did not present any allegations that it will not infringe claims 1-2, 4-6, and 10-12 of the '198 Patent.

59. Hetero's commercial manufacture, use, offer for sale, sale and/or importation of the ANDA Product and/or its active ingredient prior to expiration of the '198 Patent, and Hetero's inducement of and/or contribution to such conduct, would further infringe at least claims 1-2, 4-6, and 10-12 of the '198 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. §§ 271(a), (b), and/or (c).

60. Upon FDA approval of the Hetero ANDA, Hetero will infringe at least claims 1-2, 4-6, and 10-12 of the '198 Patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the ANDA Product and/or its active ingredient, and/or by actively inducing and contributing to infringement of the '198 Patent by others, including but not limited to healthcare providers and patients, under 35 U.S.C. § 271(a), unless enjoined by

the Court. Such infringement is imminent because, among other things, Hetero has notified Plaintiffs of the submission of Hetero's ANDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product before the expiration of the '198 Patent.

61. Upon information and belief, Hetero will actively induce infringement of at least claims 1-2, 4-6, and 10-12 of the '198 Patent under 35 U.S.C. § 271(b) by encouraging others, including but not limited to healthcare providers and patients, to make, use, offer for sale, sell, or import the ANDA Product in the United States. Upon information and belief, immediately and imminently upon FDA approval of the Hetero ANDA, Hetero will intentionally encourage acts of direct infringement by others, including but not limited to healthcare providers and patients, with knowledge of the '198 Patent and with knowledge that its acts are encouraging infringement. For example, marketing the ANDA Product with its proposed labeling will induce healthcare providers and patients to practice the claimed methods of the '198 Patent.

62. Unless enjoined by this Court, upon FDA approval of the Hetero ANDA, Hetero will contributorily infringe at least claims 1-2, 4-6, and 10-12 of the '198 Patent under 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing the ANDA Product and its proposed labeling in the United States. The ANDA Product and its proposed labeling are materials for use in practicing methods claimed in the '198 Patent and constitute a material part of those claims' inventions. Upon information and belief, Hetero knows that the ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '198 Patent, and that the ANDA Product and its proposed labeling are not a staple article or commodity of commerce suitable for substantial noninfringing use. Upon information and belief, Hetero plans and intends to, and will,

contribute to the infringement of the '198 Patent immediately and imminently upon approval of the Hetero ANDA.

63. A substantial and justiciable controversy exists between the parties as to the infringement of the '198 Patent.

64. Pursuant to 28 U.S.C. § 2201, Plaintiffs are entitled to a declaratory judgment that Hetero's making, using, offering to sell, selling, and/or importing the ANDA Product, inducement thereof or contribution thereto, will infringe the '198 Patent pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

65. Upon information and belief, Hetero acted, and upon FDA approval of the Hetero ANDA, will act, without a reasonable basis for believing that it would not be liable for directly and/or indirectly infringing the '198 Patent. This is an exceptional case.

66. Unless Hetero is enjoined from directly or indirectly infringing the '198 Patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

### COUNT III: INFRINGEMENT OF U.S. PATENT NO. 12,144,809

67. Plaintiffs incorporate each of the preceding paragraphs 1-66 as if fully set forth herein.

68. Hetero's submission of the Hetero ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product before the expiration of the '809 Patent constituted an act of infringement of at least claims 1, 3, 5, 9, 12, 19, and 23-29 of the '809 Patent, under 35 U.S.C. § 271(e)(2)(A). In the Notice Letter, Hetero did not present any allegations that it will not indirectly infringe claims 1, 3, 5, 9, 12, 19, and 23-29 of the '809 Patent.

69. Hetero's commercial manufacture, use, offer for sale, sale and/or importation of the ANDA Product and/or its active ingredient prior to expiration of the '809 Patent, and Hetero's inducement of and/or contribution to such conduct, would further infringe at least claims 1, 3, 5, 9, 12, 19, and 23-29 of the '809 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. §§ 271(a), (b), and/or (c).

70. Upon FDA approval of the Hetero ANDA, Hetero will infringe at least claims 1, 3, 5, 9, 12, 19, and 23-29 of the '809 Patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the ANDA Product and/or its active ingredient, and/or by actively inducing and contributing to infringement of the '809 Patent by others, including but not limited to healthcare providers and patients, under 35 U.S.C. § 271(a), unless enjoined by the Court. Such infringement is imminent because, among other things, Hetero has notified Plaintiffs of the submission of Hetero's ANDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product before the expiration of the '809 Patent.

71. Upon information and belief, Hetero will actively induce infringement of at least claims 1, 3, 5, 9, 12, 19, and 23-29 of the '809 Patent under 35 U.S.C. § 271(b) by encouraging others, including but not limited to healthcare providers and patients, to make, use, offer for sale, sell, or import the ANDA Product in the United States. Upon information and belief, immediately and imminently upon FDA approval of the Hetero ANDA, Hetero will intentionally encourage acts of direct infringement by others, including but not limited to healthcare providers and patients, with knowledge of the '809 Patent and with knowledge that its acts are encouraging infringement. For example, marketing the ANDA Product with its proposed labeling will induce healthcare providers and patients to practice the claimed methods of the '809 Patent.

72. Unless enjoined by this Court, upon FDA approval of the Hetero ANDA, Hetero will contributorily infringe at least claims 1, 3, 5, 9, 12, 19, and 23-29 of the '809 Patent under 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing the ANDA Product and its proposed labeling in the United States. The ANDA Product and its proposed labeling are materials for use in practicing methods claimed in the '809 Patent and constitute a material part of those claims' inventions. Upon information and belief, Hetero knows that the ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '809 Patent, and that the ANDA Product and its proposed labeling are not a staple article or commodity of commerce suitable for substantial noninfringing use. Upon information and belief, Hetero plans and intends to, and will, contribute to the infringement of the '809 Patent immediately and imminently upon approval of the Hetero ANDA.

73. A substantial and justiciable controversy exists between the parties as to the infringement of the '809 Patent.

74. Pursuant to 28 U.S.C. § 2201, Plaintiffs are entitled to a declaratory judgment that Hetero's making, using, offering to sell, selling, and/or importing the ANDA Product, inducement thereof or contribution thereto, will infringe the '809 Patent pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

75. Upon information and belief, Hetero acted, and upon FDA approval of the Hetero ANDA, will act, without a reasonable basis for believing that it would not be liable for directly and/or indirectly infringing the '809 Patent. This is an exceptional case.

76. Unless Hetero is enjoined from directly or indirectly infringing the '809 Patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ask that this Court grant the following relief:

(a)    A judgment that the claims of the '178 Patent, the '198 Patent, and the '809 Patent were infringed by Hetero's submission of the Hetero ANDA under 35 U.S.C. § 271(e)(2)(A), and that Hetero's manufacture, use, offer to sell, sale, or importation of the ANDA Product, inducement thereof or contribution thereto, prior to the expiration of the '178 Patent, the '198 Patent, and the '809 Patent, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled, will infringe the '178 Patent, the '198 Patent, and the '809 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. §§ 271(a), (b), and/or (c);

(b)    A judgment that the claims of the '178 Patent, the '198 Patent, and the '809 Patent are not invalid;

(c)    An Order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of the Hetero ANDA shall not be earlier than the expiration of the '178 Patent, the '198 Patent, and the '809 Patent, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled;

(d)    A declaratory judgment that Hetero's manufacture, use, offer to sell, sale, or importation, including inducement thereof and contribution thereto, of the ANDA Product and/or its active ingredient prior to the expiration of the '178 Patent, the '198 Patent, and the '809 Patent, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled, would infringe the '178 Patent, the '198 Patent, and the '809 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. §§ 271(a), (b), and/or (c);

(e)     An Order permanently enjoining Hetero and its affiliates, subsidiaries, and each of its officers, agents, servants and employees and those acting in privity or concert with Hetero, from making, using, offering to sell, selling, or importing the ANDA Product and/or its active ingredient until after the expiration of the Patents-in-Suit, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled;

(f)     Damages or other monetary relief, including costs, attorneys' fees, pre-judgement interest and post-judgment interest to Plaintiffs if Hetero engages in commercial manufacture, use, offers to sell, sale, or importation into the United States of the ANDA Product prior to the expiration of the Patents-in-Suit, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled;

(g)     Declaring this to be an exceptional case pursuant to 35 U.S.C. § 285 entitling Plaintiffs to their attorneys' fees and enhanced damages; and

(h)     Such further and other relief as this Court deems proper and just.

OF COUNSEL:

Lisa J. Pirozzolo
Emily R. Whelan
Kevin S. Prussia
Jacqueline W. Vieira
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Scott G. Greene
Cindy Kan, Ph.D.
Mary Pheng
Gillian T. Farrell
Xinni Cai
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800

*Attorneys for Plaintiffs Sumitomo Pharma Switzerland GmbH, Sumitomo Pharma America, Inc., Takeda Pharmaceutical Company Limited, and Takeda Pharmaceuticals International AG*

David De Lorenzi
Christopher Strate
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500

*Attorneys for Plaintiffs Sumitomo Pharma Switzerland GmbH, Sumitomo Pharma America, Inc., Takeda Pharmaceutical Company Limited, Takeda Pharmaceuticals International AG, and Pfizer Inc.*

March 19, 2025

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs*

Karen Jacobs (#2881)
Rodger D. Smith II (#3778)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
kjacobs@morrisnichols.com
rsmith@morrisnichols.com
jying@morrisnichols.com

*Attorneys for Plaintiffs Sumitomo Pharma Switzerland GmbH, Sumitomo Pharma America, Inc., Takeda Pharmaceutical Company Limited, Takeda Pharmaceuticals International AG, and Pfizer Inc.*